IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:04CV468-C

SIRRITHA L. BROWN, on behalf )
of S. L., )
      Plaintiff, )
)
    vs. )    **MEMORANDUM AND RECOMMENDATION**
)
JO ANNE B. BARNHART, )
Commissioner of Social )
Security Administration, )
      Defendant. )
)

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Summary Judgment [including argument]" (document #9) filed September 28, 2005; and the Defendant's "Motion For Summary Judgment" (document #10) and "Memorandum in Support of the Commissioner's Decision" (document #11), both filed November 17, 2005. On April 18, 2006, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

**I.  FACTUAL AND PROCEDURAL HISTORY**

The pertinent facts are undisputed. On April 28, 1989, the Plaintiff, then named Sirritha

Lyles, gave birth to a daughter, S. L ("the Claimant").[1]  On August 10, 1989, S.L.'s then-purported father, Terry Saunders ("the deceased wage earner" or "WE"), was killed.  The Plaintiff concedes that she and Mr. Saunders were never married and never cohabitated, that Mr. Saunders was not identified as S.L.'s father on her birth certificate, that he died intestate, and that he was never adjudicated in any judicial proceeding to be S.L.'s father, either before or after his death.

Beginning sometime in the early 1990s through June 1998, the Plaintiff filed several applications for survivor's benefits on behalf of S.L. under the account of Mr. Saunders, each of which was denied on the basis that paternity was not established, and which the Plaintiff did not appeal.  At no time prior to June 21, 2002, did the Plaintiff ever produce any evidence of paternity other than her own statements that Mr. Saunders was S.L.'s father and those of Mr. Saunders' mother, Joan Brown, and three other witnesses, all family members or friends, who stated that Mr. Saunders had told each that he was S.L.'s father.

On June 21, 2002 and through her then-counsel, the Plaintiff filed her present claim which was supported by a May 2002 DNA test, that apparently had been performed on Mrs. Brown and S.L., showing that there is a 99.96% probability that "the son of Joan Brown was the biological father of" S.L.[2]  This application was approved at the initial level, that is, S.L. was determined to be entitled to survivor's benefits beginning in May 2002.  The Plaintiff sought reconsideration of the initial determination, contending that retroactive benefits should be awarded from the date of her

---

[1]Although the Plaintiff has not formally requested that her daughter be identified in this proceeding only by her initials, because the Complaint identified S.L. in that fashion, and the parties have referred to S.L. by her initials in their briefs, the undersigned has adopted the same format.

[2]Mrs. Brown had three sons, but the parties agree that only Terry Saunders could have been S.L.'s father.

2

June 1998 application.[3] The Plaintiff's request for reconsideration was denied and she timely requested a hearing, again contending that the 1998 application should be reopened. The Administrative Law Judge ("ALJ") determined, however, that a hearing was not necessary, as there were no issues of fact to be resolved, and issued a decision on December 18, 2003, finding that S.L. was entitled to benefits as of December 21, 2001 (six months prior to the June 21, 2002 application), but that good cause did not exist to reopen the 1998 application. Subsequently, the Plaintiff filed a timely Request for Review of Hearing Decision. On July 8, 2004, the Appeals Council denied her request for review, making the hearing decision the final decision of the Commissioner.

The Plaintiff, now proceeding pro se, filed this action on September 9, 2004, and her appeal presents a single issue: whether the Commissioner properly denied her request to reopen the 1998 application.

The parties' cross-motions for summary judgment have been fully briefed and are, therefore, now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d

---

[3] The parties agree that the Commissioner may reopen only those previous applications that were denied within four years of the filing of the present application. See 20 C.F.R. § 404.988(b).

343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Generally, in order to be entitled to survivor's benefits, a claimant must (1) file an application for benefits, (2) be the child of a wage earner who died currently or fully insured, (3) be unmarried, (4) be under age eighteen or a full-time secondary student under age nineteen or under a disability which began before age twenty-two, and (5) be dependent upon the wage earner at the

time of his death. 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350(a). Entitlement to benefits begins in the first month in which all of these requirements are met. 42 U.S.C. § 402(d)(1)(C)(I); 20 C.F.R. § 404.352(a)(1).

An illegitimate child of a deceased wage earner is considered the wage earner's child for benefit entitlement purposes if she could inherit from the wage earner's estate under the applicable state intestacy laws. 42 U.S.C. § 416(h)(2)(a); 20 C.F.R. § 404.355(a)(1). Mr. Saunders was a resident of North Carolina at the time of his death, and accordingly, North Carolina's intestacy laws apply. 42 U.S.C. § 416(h)(2)(a); 20 C.F.R. § 404.355(b)(4). Pursuant to N.C. GEN. STAT. § 29-19, an illegitimate child can inherit from her natural father only if she is (1) acknowledged as the father's child in his will, (2) acknowledged by the father in writing in a notarized instrument filed with the state superior court, (3) legitimated by a court in a special proceeding or by the subsequent marriage of her parents, or (4) if paternity has been established by clear, cogent and convincing evidence in a civil action or child support proceeding.

On November 27, 1998, more than four months after the Plaintiff's 1998 application had been denied, the Social Security Administration amended its regulations concerning, among other state statutes, N.C. Gen. Stat.§ 29-19(4) and no longer required an actual state court adjudication of paternity. See Application of State Law in Determining Child Relationship, 63 FR 57591, codified at 20 C.F.R. § 404.355(b)(2). Rather, the Commissioner now simply applies the standard of proof that the state court would apply in determining paternity. Id.

As noted above, the Commissioner may not reopen applications that were denied more than four years prior to the filing of the subject application. See 20 C.F.R. § 404.988(b). Moreover, the Commissioner has nearly absolute discretion to decide whether to reopen an application that falls

5

within the four-year period. Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (Social Security Act "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits," holding such review impermissible except where benefits decision is based on constitutionally-impermissible criteria). Accord Monger v. Bowen, 817 F.2d 15, 18 (4th Cir. 1987) (Social Security Administration has absolute, unreviewable discretion to decline to reopen prior applications); and Cleaton v. Bowen, 632 F.Supp. 291, 292 (E.D.Va.1986) (applying Sanders, "Supreme Court, in unmistakable language, made it clear that federal courts do not have jurisdiction to review the Secretary's denial of a request to reopen a previously submitted claim").[4]

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether and at what point the Plaintiff established for Social Security purposes that S.L. was Mr. Saunders' child and, therefore, was entitled to survivor's benefits. The ALJ considered the undisputed evidence and found that Mr. Saunders was fully insured at the time of his death; that based upon the DNA test, the Plaintiff had submitted clear and convincing evidence of paternity that would entitle S.L. to inherit under North Carolina's intestacy laws if that question had been presented in state court; and that pursuant to 20 C.F.R. 404.350(a)(1) and 404.355(b)(2), as amended, S.L. was entitled to survivor's benefits retroactive to December 21, 2001, six months prior to the filing of her June 21, 2002 application. As the Plaintiff agrees, this decision was clearly supported by substantial evidence.

---

[4] Although recognizing that unpublished opinions have no precedential value, the undersigned notes that the Fourth Circuit has recently affirmed a district court's holding that the Commissioner's decision not to reopen an application was not subject to judicial review. Huff v. Barnhart, 126 Fed. Appx. 85, 86-87 (4th Cir. 2005).

The ALJ concluded, however, that the Plaintiff had failed to show good cause to reopen her June 1998 application. As discussed above, the Commissioner has broad discretion not to reopen earlier applications, which cannot be reviewed on appeal, other than on constitutional grounds. Accord Sanders, 430 U.S. at 107-08; Monger, 817 F.2d at 18; and Cleaton, 632 F.Supp. at 292.

There is no indication in the record that the ALJ's decision was based on any constitutionally-impermissible criteria. Rather, the ALJ noted that until the November 1998 amendment to the regulations, which was not retroactive, paternity could only be established through strict compliance with N.C. Gen. Stat. 29-19, and that it was undisputed that the Plaintiff had not and could not meet this burden, that is, Mr. Saunders did not leave a will or file a notarized writing in state court acknowledging S.L. as, nor did any court every adjudicate S.L. to be, his daughter.

In short, where the ALJ had the discretion not to reopen the 1998 application and his decision was otherwise supported by substantial evidence, it must be affirmed.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #10) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411,

416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to counsel for the Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 25, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge